UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **United States of America** | § | |
| | § | |
| vs. | § | 1:23-cr-00055-LY |
| | § | |
| **Thomas Charles Jones, Jr.** | § | |

**O R D E R**

Before the Court are Defendant's Motion for Release on Personal Recognizance (Dkt. 23) and the Government's Response in Opposition (Dkt. 25), both filed April 6, 2023. The District Court referred the Motion to the undersigned Magistrate Judge for resolution. Dkt. 26.

## I. Background

Defendant was arrested pursuant to a criminal complaint (Dkt. 1) on February 22, 2023. The Government moved to detain Defendant pending trial (Dkt. 3) and Defendant waived his right to a detention hearing (Dkt. 13). On March 21, 2023, a grand jury indicted Defendant on one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Dkt. 16).

Defendant now seeks release, contending that he is not likely to flee or pose a danger to the safety of any other person or the community under 18 U.S.C. § 3142(b).

## II. Legal Standard

Under Section 3142(f)(2)(B), a detention hearing may be reopened

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community.

1

### III.  Analysis

The Government argues that Defendant's motion for release should be denied because Defendant identifies no material information that was not known when he waived his right to a detention hearing. The Court agrees that Defendant has not met the standard to reopen his detention hearing under Section 3142(f)(2)(B).

Nonetheless, the Court has considered the arguments in Defendant's motion, the factors set forth in 18 U.S.C. § 3142(g), the Pretrial Services Report and Pretrial Services recommendation of detention, and the evidence and arguments of counsel at the hearing. Were the Court to reopen the hearing, Defendant would remain detained pending trial. The reasons for detention include the weight of evidence against Defendant; his prior criminal history; prior attempts to evade law enforcement; and prior failures to appear.

First, the Government has shown by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. Defendant allegedly was arrested in possession of a 9mm Glock pistol with a loaded 16-round magazine and an extended 30-round magazine. He previously has been convicted of assault causing bodily injury to a family member and engaging in organized criminal activity. The Government also alleges that Defendant is associated with an overdose death at his apartment. Complaint (Dkt. 1) ¶ 7; Dkt. 25 at 2.

Second, the Government has shown by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of Defendant as required. Defendant has been convicted of evading arrest or detention with a vehicle once and bail jumping and failure to appear twice.

### IV.  Conclusion

For these reasons, **IT IS ORDERED** that Defendant's Motion for Release on Personal Recognizance (Dkt. 23) is **DENIED**.

**SIGNED** on April 18, 2023.

                                              SUSAN HIGHTOWER
                                              UNITED STATES MAGISTRATE JUDGE